# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**GREGORY HENDRICKS,**                                            **PETITIONER**

**V.**                                                    **NO. 1:05CV132-D-D**

**STATE OF MISSISSIPPI, ET AL,**                               **RESPONDENTS**

## O P I N I O N

This cause comes before the court on the petition of Gregory Hendricks for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, in accordance with his plea of guilty, on May 21, 2003, in the Circuit Court of Lowndes County, Mississippi, of burglary of an occupied dwelling. He was sentenced to serve 25 years in confinemen.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner states that he filed a post-conviction action in the trial court under the Mississippi Uniform Post Conviction Collateral Relief Act, § 99-39-1, *et seq*., Miss. Code Ann. He further stated that his motion has not been ruled upon. Since the motion has not been adjudicated by the trial court, petitioner has not appealed the motion to the Mississippi Court of Appeals or the Mississippi Supreme Court. Consequently, the "state's highest court [has not had] a fair opportunity

to pass upon the issues raised in the petition for federal habeas corpus relief." Accordingly, petitioner's state court remedies have not been exhausted and his petition must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 24th day of May, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE